UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:

RYAN M. JOHNSON and
ANGELA LEE JOHNSON,

        Debtors.

Case Number: 22-11548-7

---

JONAH HEYERHOLM,
JOHN HEYERHOLM, and
RITA HEYERHOLM,

        Plaintiffs,

v.

RYAN M. JOHNSON and
ANGELA LEE JOHNSON,

        Defendants.

Adversary Number: 22-00049

---

### DECISION ON DEFENDANTS' MOTION TO DISMISS
### ADVERSARY PROCEEDING UNDER FED. R. CIV. P. 12(b)(6)

The Plaintiffs, John, Rita, and Jonah Heyerholm, filed a complaint against the Defendants, Ryan and Angela Johnson, seeking to except a debt from discharge due to willful and malicious injury under 11 U.S.C. § 523(a)(6). Defendants moved to dismiss the complaint, arguing it fails to state a claim upon which relief can be granted. The Plaintiffs responded saying that the debt can be excepted from discharge because Defendants' actions constituted a willful and malicious injury. The Court held a hearing on the motion. Defendants replied in support. For three reasons, the Court will deny the motion.

I. **Facts**

The parties uploaded a joint pretrial statement which contains the following uncontested statements of fact: The Defendants owned a motorboat. Defendants invited Plaintiff Jonah Heyerholm to go wakeboarding on their boat on Rock Lake in the Town of Lake Mills, Wisconsin. Jonah accepted their invitation and went wakeboarding with the Defendants. When Jonah said he was done wakeboarding and was ready to be picked up from the water, Defendant Ryan M. Johnson was operating the boat's controls and maneuvered to within 20 feet of Jonah. Ryan kept the boat's engine in neutral rather than turning it off. When the boat drifted closer to Jonah, Ryan engaged the transmission and the boat moved in reverse toward Jonah. Jonah was injured when the boat engine's propellor contacted his legs. The Defendants did not maintain liability insurance for the boat.

Plaintiffs also allege that the Defendants' motorboat had a defective transmission that often got stuck in reverse when the operator tried to put it in neutral or forward. They claim that the boat was dangerously unsafe because it could move in reverse at any time regardless of the operator's intent. Plaintiffs believe that Defendants knew the boat was dangerously unsafe because of the defective transmission and had experienced the issue more than once. Defendants did not inform the Plaintiffs that the boat was dangerously unsafe, that it had a defective transmission that could cause it to move in reverse at any time, or that they had not obtained liability insurance for the boat. In sum,

Plaintiffs argue that Defendants' actions were substantially certain to result in injury to Jonah.

In response, Defendants admit that they did injure Jonah when the boat engine's propellor contacted his legs. Defendants state, however, that the boat was not dangerously unsafe, and they deny that it could move in reverse at any time. They state that the boat had to be engaged into forward or reverse to move in either direction. But they also allege that they informed the Plaintiffs of any potential issue with the boat. Defendants argue that the injury was not willful and malicious, and so it is not subject to the discharge exception of section 523(a)(6).

Plaintiffs sued the Defendants in Dane County Circuit Court in February 2022, Case No. 22CV392. The case was dismissed in September based on the Defendants' bankruptcy petition.

## II. Discussion

The Defendants believe that the complaint should be dismissed because it fails to state a claim upon which relief can be granted.

### A. Jurisdiction

This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157(a). Venue is proper in this Court as provided in 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (J). The Court may enter final judgment. 28 U.S.C. § 157(b)(1).

B.  Standard

A defense to a complaint is that the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint attacked by a Rule 12(b)(6) motion need not include detailed factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But a plaintiff must provide more than labels and conclusions. *Id.* "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard asks for more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* There are two "working principles" the Supreme Court has set forth in analyzing motions to dismiss:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (citations omitted). The Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074 (7th Cir. 1997); *Harris v. City of Auburn*, 27 F.3d 1284, 1285 (7th Cir. 1994).

   C.  <u>Willful and Malicious Injury Under Section 523(a)(6)</u>

An exception to discharge under section 523(a)(6) must contain the following: (1) an injury caused by the debtor (2) willfully and (3) maliciously. *First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767 (7th Cir. 2013). Like all exceptions to discharge, the burden is on the creditor to establish these facts by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287 (1991).

The Supreme Court has held that willfulness requires "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). But as explained by the Seventh Circuit in *Horsfall*, "[a]lthough *Geiger* refers to intentional torts to help explain the federal standard, it does not hold that all state-law intentional torts are 'willful' for purposes of section 523(a)(6)." *See Jendusa-Nicolai v. Larsen*, 677 F.3d 320, 322 (7th Cir. 2012) ("[A]n intentional tort needn't involve an intent to cause injury."). Expanding on this reasoning, willfulness can be found either if the "debtor's motive was to inflict the injury, or the debtor's act was substantially certain to result in injury." *See Horsfall*, 738 F.3d at 774 (citing *Bukowski v. Patel*, 266 B.R. 838, 844 (E.D. Wis. 2001) (noting substantially

5

similar standards for willfulness in the Fifth, Sixth, Eighth, and Ninth Circuits)).

Next, maliciousness requires that the debtor acted "in conscious disregard of [his] duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994) (citation omitted). The most recent guidance from the Seventh Circuit on this element clarifies that the definition of willfulness sufficiently incorporates *Geiger's* admonition that the requisite intent for purposes of section 523(a)(6) is the intent to injure rather than the intent to act. As a result, the pre-existing "definition of maliciousness from *Thirtyacre* remains good law," even after *Geiger. Horsfall*, 738 F.3d at 775. The Seventh Circuit in *Jendusa-Nicolai* summarized the exception to discharge as "one that the injurer inflicted knowing he had no legal justification and either desiring to inflict the injury or knowing it was highly likely to result from his act." *Jendusa-Nicolai*, 677 F.3d at 324.

There is no dispute over the basic facts: "The parties agree that Defendant Ryan Johnson engaged the boat's transmission with the controls set to go forward, but it went in reverse toward Jonah, who was behind the boat, and caused his injuries."[1] Thus, the first element is satisfied.

But the Defendants dispute that the injury was willful. They cite *Horsfall* for the argument that "the requisite intent for purposes of § 523(a)(6) is the

---

[1] Joint Pretrial Statement, ECF No. 14, p. 8.

intent to injure rather than the intent to act." 738 F.3d at 775. Defendants then argue that the complaint has failed to allege "any intent or claim that Defendants actually intended to harm Plaintiff other than Defendants acted in ways that resulted in an injury or harm to the Plaintiff." For that reason, they argue, without pleading an intent to injure, the complaint must be dismissed.

But the Defendants are misguided. When read in context, the cited passage from *Horsfall* does not stand for the point that *only* an intent to injure meets the willfulness element of section 523(a)(6). Indeed, in the immediately preceding paragraph, the court holds that "'[w]illfulness' can be found either if the 'debtor's motive was to inflict the injury, or the debtor's act was substantially certain to result in injury.'" *Horsfall*, 738 F.3d at 774. This reasoning reflects the court's summary of section 523(a)(6) in *Jendusa-Nicolai*, which the court decided about a year before *Horsfall*. In their reply, Defendants focus on the reasoning from *Heinrich v. Bagg (In re Bagg)*, 589 B.R. 650 (Bankr. E.D. Wis. 2018), to argue that an intent to injure is required under section 523(a)(6). But the Defendants also acknowledge that *Jendusa-Nicolai* allows for a finding that a "willful and malicious injury . . . is one that the injurer inflicted knowing he had no legal justification and either desiring to inflict the injury *or knowing it was highly likely to result from his act.*" 677 F.3d at 324 (emphasis added).

There are several other key differences that distinguish this case from *Heinrich.* For example, there had already between a trial in state court which awarded Heinrich damages based on an intentional interference with contract

7

claim. Thus, the bankruptcy court's job was to determine whether the findings from the state court judgment satisfied the elements of section 523(a)(6). That case also had a substantially different procedural posture. Indeed, the court explained that Heinrich had at first sought summary judgment on the issue but was denied. The court then held an evidentiary hearing and took the matter under advisement. In that context, the court did not have to accept all well-pleaded allegations as true or draw all reasonable inferences in favor of the plaintiff.

Here, the Complaint alleges that the boat was dangerously unsafe because it had a defective transmission that could cause it to move in reverse at any time, regardless of the operator's intent. Further, that the boat often got stuck in reverse when the operator was trying to put it in neutral or forward. And it alleges that Defendant maneuvered the boat into a position that put Plaintiff directly behind the engine's propellers. Defendant then engaged the boat's transmission when they knew the boat could move in reverse at any time. It also alleges Jonah was not warned about this defect.

Defendants admit the boat would sometimes remain in gear, but at the same time, deny the defective transmission would get stuck in reverse. They also claim the Plaintiff was "aware of any issue with the boat." These assertions merely highlight factual disputes. In other words, for the purpose of a motion to dismiss, the facts alleged by Plaintiffs must be accepted as true and the counter position in the answer is not enough to prevail on a motion to dismiss.

Accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the Plaintiffs, there are sufficient facts pleaded to support a plausible claim for relief. A defective transmission that could cause a boat to go into reverse does state a claim. It is possible such conduct was substantially certain to result in injury if someone was directly behind the propellors of the boat. So the complaint's allegation of willfulness is enough to survive a motion to dismiss.

Lastly, the complaint sufficiently pleads maliciousness. Beyond maneuvering the boat into a position that endangered the Plaintiff and engaging the allegedly faulty transmission, the complaint states that Defendants did not warn the Plaintiffs that the boat was unsafe, and the Defendants did not maintain liability insurance. It is the factual content of the complaint and not labels that controls. The complaint doesn't label that this was malicious conduct. Instead, it is an allegation that the Plaintiffs acted in conscious disregard of their duties, including their duty of care, without just cause or excuse. Thus, the complaint plausibly alleges the "maliciousness" element of section 523(a)(6) to the satisfaction of *Horsfall* and *Jendusa-Nicolai*.

### D. Conclusion

For these reasons, the Defendants' motion to dismiss is DENIED.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: January 24, 2023

> BY THE COURT:
>
> _____
> Hon. Catherine J. Furay
> U.S. Bankruptcy Judge