IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

-----------------------------------------------------------X

| | |
|---|---|
| In re | Chapter 7 |
| Ryan M. Johnson and Angela Lee Johnson, | Case No. 22-11548-cjf |
| Debtors. | |

-----------------------------------------------------------X

JONAH HEYERHOLM,

RITA HEYERHOLM,

JOHN HEYERHOLM,

    Plaintiffs,

v.

| | |
|---|---|
| RYAN and ANGELA JOHNSON | Adv. Pro. No. 22-00049-cjf |
| Defendants. | |

-----------------------------------------------------------X

**DEFENDANT'S POST-REMAND BRIEF**

**PRELIMINARY STATEMENT**

Defendants, Ryan and Angela Johnson, submit this memorandum of law to address the questions outlined by the Court at the post-remand scheduling conference. Upon review of the facts, statutes, and relevant caselaw, the conduct of the Defendants does not meet the standard for "malicious" under 11 U.S.C. § 523(a)(6) and the claim at issue in this matter should be declared dischargeable by the Court.

**ARGUMENT**

The sole element for the Court to consider on remand is whether the Defendant Ryan Johnson acted "maliciously" within the scope of 11 U.S.C. § 523(a)(6) of the Bankruptcy Code

1

(the "Code"). Under Section 523(a)(6) of the Code, a debt is excepted from discharge if a debtor causes "willful and malicious injury… to another entity." 11 U.S.C. § 523(a)(6). This Court has already ruled, and the District Court on appeal has affirmed, that the conduct in this case was, within the scope of the Code, "willful." This determination, which was made at trial and affirmed by the District Court on appeal, was not made on the grounds that Mr. Johnson acted with intent to cause injury; rather, the Court determined that the conduct was "substantially certain to result in injury," (Dkt. 47, 4-7.) However, this Court did not find Mr. Johnson's conduct to be "malicious" at trial. On appeal, the District Court clarified the applicable standard for "malicious" under the Code. The issue now before the Court is whether Mr. Johnson's conduct satisfies that "malicious" standard.

Even if conduct that leads to injury is "willful" under the Code, the same conduct is not "malicious" unless a debtor also acted "in conscious disregard of [his] duties or without just cause or excuse." *First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767, 774 (7th Cir. 2013). Plaintiffs' Post-Remand Brief misses the mark when addressing whether Mr. Johnson's conduct was "malicious" under the Code. As the Court put it at trial, its task is to apply the "different standards that the *Bankruptcy Code* requires that [the Court] apply." (Dkt. 44, 114:4-5) (emphasis added). Instead of relying on the Code's standard for "malicious" conduct, Plaintiffs rely on analogies to other bodies of law and attempts to impute malice through the Court's earlier finding of willfulness.

The Johnsons' conduct was not "malicious" under the Code based on the following: (I) Mr. Johnson acted with *regard* of his duty to Jonah Heyerholm and (II) Mr. Johnson acted with just cause and excuse notwithstanding the resultant injuries to Jonah Heyerholm. As a result,

Plaintiffs fail to meet their burden for proving that Mr. Johnson's conduct was "malicious," and their claim should be determined to be dischargeable.

**I.    The Debtor's conduct was not "malicious" under the Bankruptcy Code because the Debtor acted with regard for his duty to exercise ordinary care under the circumstances.**

The Debtor, Ryan Johnson, was not "malicious" under the Bankruptcy Code because he acted with regard for his duty to exercise ordinary care in attempting to move the boat away from, and to prevent injury to, Jonah Heyerholm. Likewise, Angela Johnson demonstrated a regard for her duty of ordinary care when attempting to prevent injury to Jonah Heyerholm when she entered the water as the boat approached him.

As set forth above, a debtor's conduct is "malicious" if he or she acts in "conscious disregard of [his or her] legal duties or without just cause or excuse." *First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767, 774 (7th Cir. 2013) (quoting *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994)). However, the kind of duties that a debtor disregards when he or she acts maliciously are less well-defined in the caselaw. *See First Weber*, 738 F.3d at 775 (maliciousness determined based on interference of contractual rights). The term "duty" with regard to Section 523(a)(6) of the Code is discussed in *In re Synder*, 542 B.R. 429 (N.D. Ill. 2015).

Contrasting the nature of duties and liability arising out of contracts, the *Synder* Court quotes the *Restatement (Second) of Torts § 4*:

> [T]here are certain particulars in which the duty in contract differs from that in tort, and which entails differences in the effect of the breach of the duty in creating liability. The duty in contract is normally to do or refrain from doing a particular or definite thing irrespective of the end which is to be served. The purpose of the contract duty is to secure the receipt of the thing bargained for. The breach of the contract prevents this from being obtained, and the harm which the performance of the duty would have prevented has occurred. There is therefore liability even if only for nominal damages.

On the other hand, the duty in tort is only occasionally to do or refrain from doing a particular thing, and even then the doing or non-doing of the thing is not the end or the purpose of the duty itself. It is merely a means whereby the interest protected by the duty can be made secure. Therefore, the harm which the duty is intended to prevent does not occur until the interest protected by it is invaded and, therefore, until such invasion occurs there can be no liability for the breach.

*Restatement (Second) of Torts § 4* cmt. c (1965).

The *Restatement's* comment (a) provides further insight into how "duty" should be understood in the tort context:

The duty which is defined in this Section is a duty that the actor shall conduct himself or not conduct himself in a particular manner. It therefore imposes no obligation which is not within the actor's ability to perform, since it relates only to the actor's conduct which as such he has control…The breach of a duty…does not make the actor liable. It merely subjects him to liability. Whether he is liable or not depends on matters which are usually beyond his control.

*Restatement (Second) of Torts § 4* cmt. a (1965).

As an example, the Restatement provides a scenario involving a ditch digger on a highway. *Id*. As the digger works through the day and as night approaches, the digger has a duty to warn drivers of the ditch by way of lights indicating the existence of the ditch. *Id*. If the digger fails to put up lights for the safety of others, then "his failure is a breach of his duty, but this of itself is not enough to make him liable… unless and until [an unfortunate driver] falls into [the ditch] and is injured" *Id*. Comment (a) of the *Restatement* acknowledges an actor's ongoing control over their conduct, such that an actor could alter their conduct so as to avoid or minimize the breach of their duty. *See Id*.

With this understanding of "duty" as it relates to Section 523(a)(6) under *Synder*, the next logical step would be to identify whether a duty applied here, and if so, what kind of duty. Thankfully, Wisconsin law is clear on this point. "An analysis that focuses on whether [an] alleged tortfeasor *had* a duty to the injured party 'is incorrect under Wisconsin law.'" *Gritzner v.*

4

*Michael R.*, 2000 WI 68, 24 n.4, 235 Wis. 2d 781, 611 N.W.2d 906 (emphasis added). Under Wisconsin law, "each individual is held, at the very least, to a standard of ordinary care in all activities." *Rockweit v. Senecal*, 197 Wis. 2d 409, 419-420, 541 N.W.2d 742 (1995).

In Wisconsin, "the duty of ordinary care under the circumstances is determined by what would be reasonable given the facts and circumstances of the particular claim at hand." *Hoida, Inc. v. M & I Midstate Bank*, 2006 WI 69, ¶32, 291 Wis. 2d 283, 717 N.W.2d 17. Moreover:

> If a person, without intending to do harm acts or fails to do an act that a reasonable person would recognize as creating an unreasonable risk of injury or damage to a person or property, he or she is not exercising ordinary care under the circumstances…

*Id.*, ¶29.

A reasonable person is a person "of ordinary intelligence and prudence." *Mueller v. Sentry Ins.*, 2002 WI App 56, 22, 251 Wis. 2d 482, 640 N.W.2d 565 (quoting *Rockweit v. Senecal*, 197 Wis. 2d 409, 425, 541 N.W.2d 742 (1995)).

Plaintiffs agree that the applicable duty in this case is that of ordinary care. (Pls.' Post-Remand Brief at 8.) However, Plaintiff does not expand on what the contours of the duty of ordinary care looked like in this case, other than to admonish the Johnsons for the mechanical condition of the boat, the lack of disclosure to the world at large of the condition of the boat, and the lack of boating insurance.[1] (Pls.' Post-Remand Brief at 9). A hypothetical reasonable person in this case would be acting under the following circumstances:

- Operating a boat (Dkt. 44, 68:11);
- With a minor located in the water approximately 25-30 feet behind the boat (Dkt. 44, 68:17-18);

---

[1] "Wisconsin does not require boat owners to carry insurance coverage by law, except for commercial fishing boats." OCI Other Vehicles – Office of the Commissioner of Insurance, https://oci.wi.gov/Pages/Consumers/OtherVehicles.aspx#:~:text=Wisconsin%20does%20not%20require%20boat,for%20you%20to%20do%20so. (last visited December 8, 2024).

- With the boat drifting towards the minor in the water despite being in neutral (Dkt. 44, 69:4-5); and
- With a second minor preparing to enter the water after the minor in the water had come aboard the boat (Dkt. 44, 81:24-25).

The hypothetical reasonable person under these circumstances also has a boat that had experienced transmission-related issues in the past, though those issues had not, to the extent testimony indicated as such, resulted in the boat going in reverse when engaged in the forward position (Dkt. 44, 67:2-6). A reasonable person with boating experience would have recognized the following under the circumstances:

- That the boat's proximity to the minor in the water created a risk of injury; and
- That some action would be necessary to avoid or reduce the risk of injury.

Given these circumstances, a reasonable person with boating experience would do the following:

(a) Move the boat away from the minor in the water (i.e., to prevent any contact between the boat and the minor);

(b) Try to minimize the contact between the minor in the water and the boat; or

(c) Take some other action in an effort to shield the minor from the risk of harm to the extent practicable.

Of these options, distancing the boat from the minor in the water would have removed the possibility of harm altogether rather than merely minimizing the resultant injury. As shown in their testimony, the Johnsons did exactly as a reasonable person would have done under these circumstances: taking action to avoid the harm entirely by moving the boat, trying to minimize the contact between the boat and Jonah Heyerholm, and acting to shield and minimize the risk to Jonah Heyerholm as much as possible.

Applying this discussion to the facts of this case, Ryan Johnson had a duty. That duty was the duty of ordinary care under the circumstances. Under that duty, Mr. Johnson had to (1) refrain from doing harm and (2) recognize, as a reasonable person under the circumstances would recognize, the unreasonable risk of injury to someone in Jonah Heyerholm's position (i.e., floating behind a boat that is slowly drifting towards him) and (3) act in a way to eliminate or reduce that risk.

Mr. Johnson did just that. Mr. Johnson brought the boat around to pick Jonah up out of the water. (Dkt. 44, 68:11-16.) After positioning the boat's rear towards Jonah and putting the boat in neutral, Mr. Johnson recognized that the boat had nevertheless started to drift towards Jonah. (Dkt. 44, 69:4-7.) Mr. Johnson recognized the significant risk of harm to Jonah and attempted to obviate that risk altogether by moving the boat away from Jonah, an option that a reasonable person would have likely acknowledged and may have chosen. (Dkt. 44, 68:22-24.)

Angela Johnson recognized and warned Mr. Johnson that the boat was drifting towards Jonah (Dkt. 44, 82:2-3.) After the boat engaged in reverse rather than forward and moved closer to Jonah, Mr. Johnson proceeded to put the boat in neutral and cut the engine. (Dkt. 44, 68:24-25; 69:1.) Mrs. Johnson, recognizing that more needed to be done to protect Jonah, leapt into the water despite the risk to her own well-being (Dkt. 44, 69:1-3; 82:4-5; 87:20-21). As Mrs. Johnson testified at trial, "as a mom, you just try to jump in and help out as you can. So yes, I did just try to jump in and help." (Dkt. 44, 88:11-13.)

The Johnsons acted with regard for the duty of ordinary care owed to Jonah Heyerholm under these unfortunate circumstances. The Johnsons took reasonable steps hoping to eliminate or reduce the imminent risk of harm to Jonah. Recalling the ditch digger of the *Restatement (Second) of Torts*, the Johnsons did not stand idly by while some unfortunate soul made their way

7

towards the boat's propeller; the Johnsons, recognizing the unreasonable risk of harm created by having a minor positioned behind a boat that was drifting towards him, sought to eliminate or reduce that risk of harm as was practicable under the circumstances.

In view of the facts and the applicable duty in this case, the Johnsons did not act with "conscious disregard of their legal duties," and therefore did not act "maliciously" under the Bankruptcy Code.

### I. The Debtor's conduct was not "malicious" under the Bankruptcy Code because the Debtor acted with "just cause or excuse."

The Debtor, Ryan Johnson, was not "malicious" because his actions were reasonable under the circumstances and made in good faith.

As stated above, there are two parts to the "malicious" analysis: a debtor either acts with "conscious disregard of one's duties or without just cause or excuse." *In re Thirtyacre*, 36 F.3d at 700. Summarizing the findings of the state court and being satisfied with those findings as they related to maliciousness, the Seventh Circuit in *First Weber* stated, "in order to reach [the] conclusion [that the debtor was neither justified nor privileged to interfere with the creditor's rights], the state court had to find that [the debtor's] actions were not reasonable or taken in good faith." *First Weber*, 738 F.3d at 775.

The *First Weber* Court further acknowledged that, "[the state court's] inquiry substantially mirrored the federal test for maliciousness," and that "there [was] nothing fundamentally unfair about holding [the debtor] to this finding [of malice]." *Id*. "In determining whether an actor behaved maliciously, courts will take into account the totality of the circumstances." *In re Rodriguez*, No. 17-10782-7, 2018 Bankr. LEXIS 252, at *3 (Bankr. W.D. Wis. Jan. 31, 2018) (quoting *Vyshedsky v. Soliman (In re Soliman)*, 539 B.R. 692, 699 (Bankr. S.D.N.Y. 2015)). "Malice is implied when 'anyone of reasonable intelligence knows that the act in question is

contrary to commonly accepted duties in the ordinary relationships among people, and injurious to another." *Vyshedsky v. Soliman* (*In re Soliman*), 539 B.R. 692, 699 (Bankr. S.D.N.Y. 2015) (quoting *Navistar Fin. Corp. v. Stelluti* (*In re Stelluti*), 167 B.R. 29, 33 (Bankr. S.D.N.Y. 1994), aff'd 84 F.3d 84 (2d Cir. 1996)).

Much like the egregious conduct in *Jendusa-Nicolai v. Larsen*, 677 F.3d 320 (7th Cir. 2012), the debtors' conduct in *In re Kolzlik* is a textbook example of conduct that lacks a "legitimate purpose" and therefore lacks "just cause or excuse." *In re Kolzlik*, No. 12-29545-SVK, 2013 Bankr. LEXIS 1, at *10; *see Jendusa-Nicolai v. Larsen*, 677 F.3d 320 (7th Cir. 2012) (debtor's attempted murder of ex-wife deemed "willful and malicious"); *see also In re Thirtyacre*, 36 F.3d 697 (7th Cir. 1994) (debtor's assault of another was without "just cause or excuse").

The Plaintiffs cite *In re Kolzlik*, No. 12-29545-SVK, 2013 Bankr. LEXIS 1 (Bankr. E.D. Wis. Jan. 2, 2013), to illustrate a finding of maliciousness where the debtors at issue had no just cause or excuse for their conduct. However, *Kolzlik* does little to elucidate how "just cause or excuse" would apply in situations other than those that are blatantly and egregiously without just cause or excuse. In *Kolzlik*, the debtors granted the plaintiffs an easement over their land. *In re Kolzlik*, No. 12-29545-SVK, 2013 Bankr. LEXIS 1, at *1. The debtors later interfered with the plaintiffs' rights to enjoy the easement by harassing the plaintiffs and damaging the easement, for which the plaintiffs sought a state court injunction. *Id.*, at *2. The state court, granting the injunction, stated that, "[the debtors] engaged in a course of conduct and repeatedly committed acts (weekly per [the plaintiff]) which *harassed and intimidated the plaintiffs, and served no legitimate purpose whatsoever*." *Id.*, at *9 (quoting Memorandum Decision at 3, emphasis supplied). The debtors in the *Kolzik* case created a right by granting an easement, then consciously and severely interfered with that right by harassing the plaintiffs and preventing access. It is hard to imagine a scenario

9

where such actions could be taken in good faith; such an extreme and inapposite example does little to help clarify the application of the "malicious" standard in this case.

Like the analysis undertaken for the duty of ordinary care under the circumstances, the analysis for acting with "just cause or excuse" considers the totality of the circumstances. *See In re Rodriguez*, No. 17-10782-7, 2018 Bankr. LEXIS 252, at *3 (Bankr. W.D. Wis. Jan. 31, 2018). One act, as this Court put it, was "operating a boat with a defective transmission, and with [propellers]… that could continue to spin even if the boat was not in reverse, heading towards the person behind the boat." (Dkt. 44, 124:7-10.) However, notwithstanding the boat's operational condition, the totality of the circumstances show that the Johnsons demonstrated their good faith, with several of their other acts meant to interrupt the boat's behavior in the water and minimize the risk to Jonah Heyerholm, such as when:

- The Johnsons recognized the risk of harm posed to Jonah Heyerholm by a drifting boat;
- Mr. Johnson attempted to create distance between Jonah and the drifting boat;
- Mr. Johnson put the drifting boat in neutral and cut the engine after the boat went into reverse instead of moving forward; and
- Mrs. Johnson jumped into the water to help Jonah.

The Johnsons had just cause for their conduct because its purpose was to mitigate the risk of harm introduced by the boat's proximity to Jonah Heyerholm. While Plaintiffs focus on the Johnsons' lack of insurance and not informing the boat's passengers of the transmission issues or lack of insurance, the Plaintiffs fail to specify which duties required the Johnsons to do so. Plaintiffs point out that Mr. Johnson deviated from best practice but fail to recognize that best practices are written on paper, not in real life. Under the circumstances that occurred, a reasonable and experienced boat owner, even one with an unproblematic boat, may have taken

similar or identical steps to those taken by the Johnsons, including seeking to distance the boat from someone in the water who may be at risk of being injured. The Johnsons' conduct, viewed under the totality of the circumstances, does not support a finding of maliciousness under the Bankruptcy Code.

## **CONCLUSION**

The circumstances of this case are unfortunate; however, the facts of this case demonstrate that the Johnsons, at all times, (I) acted with regard for their duty of ordinary care and (II) acted with just cause under the circumstances, such that their conduct does not reach the threshold of maliciousness required under Section 523(a)(6) of the Bankruptcy Code. Therefore, this Court must declare the Plaintiffs claim dischargeable.

Dated this 9th day of December, 2024.

**KREKELER LAW, S.C.**

By: /s/ Noe J. Rincon
Noe J. Rincon, State Bar No. 1124893
*Attorneys for Defendants*
Ryan and Angela Johnson

**ADDRESS:**
26 Schroeder Court, Suite 300
Madison, WI 53711
(608) 258-8555
nrincon@ks-lawfirm.com